UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JORGE ANDRADE RICO,

    Plaintiff,

    v.

JEFFREY BEARD, et al.,

    Defendants.

Case No. 16-cv-04348-KAW (PR)

**ORDER SERVING COGNIZABLE CLAIM AND DISMISSING ONE CLAIM**

       Plaintiff Jorge Andrade Rico, a state prisoner incarcerated in the Secured Housing Unit ("SHU") at Pelican Bay State Prison ("PBSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by PBSP officials and the Secretary and Director of Adult Institutions of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. Plaintiff's motion for leave to proceed *in forma pauperis* is granted in a separate order. The Court now reviews Plaintiff's complaint.

## DISCUSSION

**I. Preliminary Review of Complaint**

       A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. Corrections & Rehabilitation*, 756 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

**II. Plaintiff's Claims**

Plaintiff's complaint alleges the following:

To enter a pod in the SHU, which consists of four cells, the tower officer has to electronically open the pod door. As soon as the door starts to open, it makes a loud noise which continues for about six seconds while the sliding door opens. The same noise is made when the door slides closed, except that, when the door finally shuts, it hits a big bar of metal against the wall and this makes a louder noise that resonates throughout the walls of the pod and adjacent pods.

On August 3, 2015, the CDCR implemented the Guard One System, a new method for suicide prevention in units housing inmates in isolation cells, including the SHU. This system requires an officer to walk throughout the unit every thirty minutes. When the officer enters and leaves each pod, a loud resonating noise is made by the doors opening and closing. To record a

cell check, the officer has to touch the end of a small metal baton to a metal "cone-like-button" attached to the side of Plaintiff's (and every inmate's) door, also made of metal. The sound of the metal baton touching the metal button also reverberates in the pods.

Every one-half hour, Plaintiff can hear B-pod door opening and closing, then C-pod door opening and closing and every check when the metal baton touches the metal button.

This noise does not allow Plaintiff to sleep because, as soon as he is falling asleep, a round of this excessive noise begins. After falling asleep, he is constantly woken up at night by the cell checks. As a result, Plaintiff is sleep-deprived which makes him mentally and physically exhausted, and causes him to suffer from headaches, chest pains, frustration and anger.

Plaintiff joined an inmate group administrative appeal of this procedure, which was denied at every level of review. Plaintiff himself filed several individual appeals, and these were also denied at every level of review.

The denials of the appeals indicate that the Guard One System has been implemented pursuant to CDCR Memos dated May 9, 2014 and July 15 2015 and was instituted to reduce inmate suicides. The administrative appeals were denied on the ground that the inmate's request for a different method has not been supported with "any proof the current Security/Welfare Checks are ineffective." Based on these allegations, Plaintiff sues, in their official and individual capacities: (1) Jeffrey Beard, Secretary of the CDCR; (2) M.D. Stainer, Director of Division of Adult Institutions; (3) C.E. Ducart, Warden of PBSP; (4) F.P. Marulli, PBSP Lieutenant; (5) D. Abernathy, PBSP Sergeant; (6) J. Cask, PBSP Official; (7) C. Parry, PBSP Official; and (8) PBSP floor and tower officers who implement the Guard One System. Plaintiff states he is not challenging the suicide prevention policy, but the harmful effect of excessive noise that is created by the way it is applied.

A prison official violates the Eighth Amendment based on unsafe and unhealthy conditions of confinement when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the prison official must possess a sufficiently culpable state of mind. *Id.* Liberally construed, the allegations in the complaint appear to give rise to an Eighth Amendment conditions of

confinement claim. The deprivation of sleep, a basic human necessity, satisfies the objective requirement of *Farmer*. The allegations in the complaint and the attached exhibits indicate that Beard, Stainer, Ducart, Marulli, Abernathy, Cask and Parry were aware of the extreme sleep deprivation caused by the Guard One System, but did nothing to change the way it was implemented, which appears to satisfy the subjective requirement of *Farmer*. However, the allegations, even liberally construed, are not sufficient to state a claim against unknown floor and tower officers who opened the doors to the pods and conducted the cell safety checks. First, the identity of defendants must be known in order to serve them with summons and complaint. Second, it is unlikely the individual officers, who were following instructions of CDCR memos implementing a CDCR policy and procedure, would have the authority to change such a procedure. Therefore, the claims against these unknown officers are dismissed. If, in the future, Plaintiff learns the names of these officers and of facts that would implicate them in the Eighth Amendment violation, he may move to amend his complaint to add them at that time.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Eighth Amendment claim is dismissed against the unknown tower and floor officers.

2. The allegations in the complaint appear to give rise to an Eighth Amendment conditions of confinement claim against all named Defendants.

3. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto, a copy of this Order and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to Pelican Bay State Prison Defendants Warden Ducart, Lt. Marulli, Sgt. Abernathy, J. Cask and C. Parry and to CDCR Secretary Beard and CDCR Director of Adult Institutions Stainer, at the CDCR offices in Sacramento.</u> This form can also be found at www.cand.uscourts.gov/civilforms. The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco, and a copy of this Order to Plaintiff.

4

   4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure require them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)

   Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

   5. Defendants shall file their Consent or Declination to Magistrate Judge Jurisdiction on or before the date their answer is due.

   6. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than <u>thirty</u> days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

   At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary

5

judgment motion. If the motion is based on non-exhaustion of administrative remedies, Defendants must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

        b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than <u>twenty-eight</u> days after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

1  The same evidentiary requirement applies if the defendants file a motion for summary
2  judgment for failure to exhaust administrative remedies.  To oppose this motion, Plaintiff must
3  present any evidence he may have which tends to show that he did exhaust administrative
4  remedies or was excused from doing so.  Again, the evidence may be in the form of declarations,
5  that is statements of fact from himself or other witnesses signed under penalty of perjury, copies of
6  documents accompanied by a declaration showing where they came from and why they are
7  authentic, or discovery documents such as answers to interrogatories or depositions.  In
8  considering a summary judgment motion for failure to exhaust administrative remedies, the Court
9  can decide disputed issues of fact with regard to this portion of the case.  *See generally Albino*,
10  747 F.3d at 1172-73; *Stratton*, 697 F.3d at 1008.

   c. Defendants shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. It is Plaintiff's responsibility to prosecute this case.  He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

10. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: September 30, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge