UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ANDRADE RICO,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, et al.,<br><br>Defendants. | No. 2:17-cv-1402 KJM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges use of the Guard One security check system violated his Eighth Amendment rights. On June 20, 2019, defendants moved for a stay of these proceedings pending the Ninth Circuit's resolution of defendants' interlocutory appeal. After considering the parties' briefs, this court finds it unnecessary to hear argument on defendants' motion. For the reasons set forth below, this court will recommend defendants' motion be granted.

**BACKGROUND**

This case is proceeding on plaintiff's second amended complaint filed on May 3, 2017. (ECF No. 38.) He alleges use of the Guard One system in the Security Housing Unit at Pelican Bay State Prison caused him severe sleep deprivation in violation of his Eighth Amendment rights. The Guard One system was implemented pursuant to an order issued by Judge Mueller in Coleman v. Brown, No. 2:90-cv-0520 KJM DB (E.D. Cal.). In 2018, Judge Mueller related the

1

present case, and several other cases regarding use of the Guard One system in California prisons, to Coleman.

In February 2018, defendants moved to dismiss this action. Defendants argued, among other things, that because plaintiff is no longer incarcerated in the Security Housing Unit his claims for injunctive and declaratory relief are moot. Defendants further argued that they are protected from liability for damages by qualified immunity. In March 2019, Judge Mueller dismissed plaintiff's claims for injunctive and declaratory relief as moot, dismissed the high level supervisory defendants based on qualified immunity, and denied the motion to dismiss the remaining defendants, identified as the "appeals review defendants" and the "floor officer defendants."

Defendants appealed Judge Mueller's ruling. (ECF No. 103.) That appeal remains pending before the Ninth Circuit. (See ECF Nos. 104, 107.) On June 20, 2019, defendants made the present motion to stay these proceedings pending the Ninth Circuit's resolution of their appeal. (ECF No. 112.) Plaintiff opposes the stay. (ECF No. 114.) Defendants filed a reply. (ECF No. 115.)

## MOTION FOR STAY

Defendants argue the court should stay all proceedings in this case to avoid the potentially unnecessary expense involved in discovery and other pretrial matters. In his opposition, plaintiff argues he will be prejudiced if discovery is stayed.

**I.  Effect of Interlocutory Appeal**

The court first considers defendants' argument that a stay of these proceedings is essentially automatic because the district court is deprived of jurisdiction over the subjects of the interlocutory appeal.

**A.  Legal Standards**

Although circuit courts generally lack jurisdiction to hear an interlocutory appeal from an order denying summary judgment or a motion to dismiss, a narrow exception exists under the collateral order doctrine for appeals of orders denying qualified immunity. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). This exception exists because qualified immunity is an immunity from

suit rather than a mere defense to liability, and that immunity "is effectively lost if a case is erroneously permitted to go to trial." Id. at 526.

Such an appeal "normally divests the district court of jurisdiction to proceed with trial." Padgett v. Wright, 587 F.3d 983, 985 (9th Cir. 2009); Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992). Nonetheless, "[r]ecognizing the importance of avoiding uncertainty and waste, but concerned that the appeals process might be abused to run up an adversary's costs or to delay trial, [the Ninth Circuit] ha[s] authorized the district court to go forward in appropriate cases by certifying that an appeal is frivolous or waived." Rodriguez v. Cty. of Los Angeles, 891 F.3d 776, 790-91 (9th Cir. 2018) (citations omitted). "[A] frivolous qualified immunity claim is one that is unfounded, 'so baseless that it does not invoke appellate jurisdiction,' and [ ] a forfeited qualified immunity claim is one that is untimely or dilatory." Marks v. Clarke, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (quoting Apostol v. Gallion, 870 F.2d 1335, 1339 (7th Cir. 1989)). For example, an appeal would be frivolous where "the disposition is so plainly correct that nothing can be said on the other side." Dagdagan v. City of Vallejo, 682 F. Supp. 2d 1100, 1116 (E.D. Cal. 2010) (citations omitted), aff'd sub nom., Dagdagan v. Wentz, 428 F. App'x 683 (9th Cir. 2011).

If the appeal is not frivolous or waived,[1] the district court still "retains jurisdiction to address aspects of the case that are not the subject of the appeal." United States v. Pitner, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002) (citing Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1293 (9th Cir. 1982); see also Alice L. v. Dusek, 492 F.3d 563, 564-65 (5th Cir. 2007) (district court is divested of jurisdiction of only "those aspects of the case on appeal"). What constitutes the "subject of the appeal" requires some consideration. Most courts have construed the "subject of the appeal" to include the claims subject to the immunity defense. The district court thus loses

---

[1] Plaintiff does not seek to certify defendants' appeal as frivolous under Chuman. Even if he did, this court does not find that "nothing can be said" for defendants' position on appeal. See Dagdagan, 682 F. Supp. 2d at 1116. While this court disagrees with defendants as to the characterization and substance of the arguments underlying their qualified immunity claim, such disagreement does not meet the demanding standard for certifying an appeal as frivolous. Marks, 102 F.3d at 1017 n.8 (appeal is frivolous under Chuman if it is "so baseless that it does not invoke appellate jurisdiction").

jurisdiction of not only the immunity defense but also of those underlying claims. A stay of pretrial proceedings on those claims would therefore be, essentially, automatic.

Judge England made that determination in Cabral v. County of Glenn, No. 2:08-cv-0029 MCE DAD, 2009 WL 1911692 (E.D. Cal. July 1, 2009). There, defendant Dahl sought dismissal of plaintiff's excessive force claim against him on the grounds of qualified immunity. The court determined Dahl was not entitled to qualified immunity and Dahl appealed. Dahl and the other defendants then sought a stay of the proceedings in the district court. Judge England noted that an "interlocutory appeal on the issue of qualified immunity ... does not deprive this court of jurisdiction to address other, unrelated, matters still pending before it." 2009 WL 1911692, at *1 (quoting Beecham v. City of West Sacramento, 2008 WL 4821655, *1 (E.D. Cal. 2008)). He then held that "[b]ecause the excessive force claim against Officer Dahl is clearly related to his appeal, this action should be stayed as to that claim against Officer Dahl." Discovery was permitted on claims that would not be directly affected by the appeal. In conclusion, the court ruled that "no witness may be deposed as to any issues that relate solely to either the excessive force cause of action brought against Officer Dahl and/or Officer Dahl's claim of qualified immunity." Id. at *2.

Other courts have similarly held that the interlocutory appeal on the issue of immunity requires the district court to stay pretrial proceedings on claims subject to that immunity. See, e.g., J.P. by and through Villanueva v. Cty. of Alameda, No. 17-cv-5679-YGR, 2018 WL 3845890, at *2 (N.D. Cal. Aug. 13, 2018) (pending resolution of appeal, defendants are entitled to a stay of all pretrial proceedings on claims for which immunity defense applicable).

A stay of pretrial proceedings on the underlying claims is necessary to give effect to the purposes of the qualified immunity doctrine. As noted by the Supreme Court, the purpose of qualified immunity is "not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . , as [i]nquiries of this kind can be peculiarly disruptive of effective government.'" Behrens v. Pelletier, 516 U.S. 299, 308 (1996) (quoting Mitchell, 472 U.S. at 526) (some internal quotations marks omitted). Courts in this and other circuits have recognized that pretrial proceedings on the merits of a claim should be delayed until the qualified

4

immunity issue is resolved. See Dahlia v. Stehr, 491 F. App'x 799, 801 (9th Cir. 2012) ("[A] denial of summary judgment without prejudice is sufficiently final to support jurisdiction over an interlocutory appeal . . . because the purpose of qualified immunity is 'not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery.'" (quoting Behrens, 516 U.S. at 308)); Dunn v. Castro, 621 F.3d 1196, 1199 (9th Cir. 2010) (recognizing the importance of resolving qualified immunity issue early in the case because such immunity permits government officials to avoid the burdens of pretrial matters such as discovery); Ganwich v. Knapp, 319 F.3d 1115, 1119 (9th Cir. 2003) (same); Holloway v.City of Pasadena, No. 2:15-cv-3867-CAS(JCx), 2016 WL 11522304, at *2 (C.D. Cal. Mar. 14, 2016) (same); Congdon v. Lenke, No. CIV 08-1065RJB, 2010 WL 489677, at *8 (E.D. Cal. Feb. 5, 2010) (same); Wolfenbarger v. Black, No. CIV S-03-2417 MCE EFB P, 2008 WL 590477, at *2 (E.D. Cal. Feb. 29, 2008) (district court should resolve immunity issue before allowing discovery), rep. and reco. adopted, 2008 WL 838721 (E.D. Cal. Mar. 28, 2008); see also District of Columbia v. Trump, 930 F.3d 209 (4th Cir. 2019) (an entitlement to immunity is an entitlement "'not to stand trial or face the other burdens of litigation'" (quoting Mitchell, 472 U.S. at 526)); Oliver v. Roquet, 858 F.3d 180, 188 (3rd Cir. 2017) ("'[A] defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.'" (quoting Mitchell, 472 U.S. at 526)); Marksmeier v. Davis, 622 F.3d 896, 903 (8th Cir. 2010) (same); Barron v. Livingston, 42 F. App'x 793, 794 (6th Cir. 2002) ("Qualified immunity provides government officials the right to avoid the pre-trial burden of discovery." (citing Behrens, 516 U.S. at 314)).

In fact, courts have also held that an order permitting discovery on the merits prior to a ruling on an immunity defense is itself grounds for an interlocutory appeal. See Oliver, 858 F.3d at 188 (subjecting a government official to the burdens of pretrial matters such as discovery is an "implicit denial" of qualified immunity); Nee v. Byrne, 35 F. App'x 296 (8th Cir. 2002).

**B. Does the Interlocutory Appeal in this Case Require a Stay of all Proceedings?**

In the present case, plaintiff's remaining claims are all subject to the qualified immunity defense. Therefore, just as in Cabral, they should be considered "subjects" of the appeal. As

////

5

1  such, further proceedings on those claims should be stayed.  This stay would permit defendants

2  the full benefits of immunity, should the Ninth Circuit find they are entitled to it.

3       Plaintiff argues that some courts did not "automatically" stay the entire case when a party

4  filed an interlocutory appeal.  However, plaintiff ignores the fact that the weight of authority

5  requires this court to conclude that proceedings on the claims that would be affected by the appeal

6  should be stayed.  In almost every case found, the court denying a stay has done so only with

7  respect to claims that would not be affected by the immunity issues on appeal.

8       In a few cases, courts have permitted discovery to proceed on the claims underlying the

9  assertions of immunity.  However, in each one, the court found that the issues on appeal were

10  distinct from the merits of the claims.  In the interlocutory appeal at issue in <u>Castaneda</u>, the

11  defendants challenged the district court's order denying them immunity from suit under the

12  Federal Tort Claims Act.  <u>Castaneda v. Molinar</u>, No. CV 07-7241 DDP(JCx), 2008 WL 9449576

13  (C.D. Cal. May 20, 2008).  If defendants were successful on appeal, that immunity would have

14  barred plaintiff Castaneda's entire suit against them.  However, the district court found a stay

15  unnecessary because the factual issues in the underlying claims were distinct from the statutory

16  construction issue in the appeal.  <u>Id.</u> at *5-6.  Therefore, discovery on the plaintiff's claims would

17  not affect the record before the appellate court.  In addition to this distinction, the court stressed

18  that it found the defendants' interlocutory appeal meritless.  <u>Id.</u> at *4.

19       The court in <u>Castaneda</u> relied, in part, on <u>Schering Corp. v. First DataBank, Inc.</u>, No. C

20  07-1142 WHA, 2007 WL 1747115 (N.D. Cal. June 18, 2007).  There, the district court noted that

21  the issue of the appeal was "completely separate from the merits" of the action.  The action in

22  <u>Schering</u> involved product disparagement - trade libel, negligent publication and tortious

23  interference with economic advantage.  The defendant moved to dismiss the case based on

24  California's anti-SLAPP (Strategic Lawsuit Against Public Participation) statute.  The district

25  court denied that motion, finding that the anti-SLAPP statute did not apply.  Holding that the

26  issues regarding the applicability of the statute had no bearing on the plaintiff's tort claims, and

27  vice versa, the court declined to stay discovery on those claims.  2007 WL 1747115, at *4.

28  ////

Plaintiff points to a third case in which the district court also permitted discovery to proceed. However, again, the court carved out the immunity issue, noting that it was "separate from the merits of the underlying litigation." Donahoe v. Arpaio, No. CV 10-2756 PHX NVW, 2012 WL 2063455, at *2 (D. Ariz. June 7, 2012). The court also relied on the complications involved in attempting to separate, for discovery purposes, the claim which was potentially subject to immunity from the other claims in the case. Id. at *3.

In the present case, the merits issues and immunity issues are intertwined. Here, defendants have appealed the denial of qualified immunity. Defendants are protected by qualified immunity if: (1) the facts, if proved, do not establish that they violated a constitutional right, or (2) the plaintiff does sufficiently allege a violation of a constitutional right, but that right was not clearly established by law. See Saucier v. Katz, 533 U.S. 194, 201 (2001); cf. Marks, 102 F.3d at 1018 (recognizing that "it is often impossible to separate the court's reasoning or decisions regarding qualified immunity from those regarding liability;" "[t]he issues are generally analyzed together and are sometimes simply not susceptible to independent review").

Here, plaintiff alleges that defendants intentionally deprived him of sleep in violation of the Eighth Amendment. In the interlocutory appeal, in examining the first factor in the qualified immunity analysis, the Ninth Circuit could determine that plaintiff fails to state facts which, if proved, would establish that a defendant or defendants violated his Eighth Amendment rights. That determination would both establish that a defendant is entitled to qualified immunity and further establish that plaintiff has failed to state a claim for relief under the Eighth Amendment. Accordingly, this court does not find the opinions in Castaneda, Schering, and Donahoe persuasive authority for a stay in the present case. The court should hold that a stay is necessary because plaintiff's claims are a subject of the pending interlocutory appeal.

Even if the decisions in Castaneda, Schering, and Donahoe demonstrate that the district court has the authority to proceed with pretrial matters on the merits of claims subject to immunity, the court should not exercise that discretion in this case. As set out below, under applicable legal standards, a stay is appropriate.

////

**II.     Application of Stay Standards**

    **A. Appropriate Legal Standard**

"District courts have inherent authority to stay proceedings before them." Rohan ex rel. Gates v. Woodford, 334 F.3d 803, 817 (9th Cir. 2003), abrogated on other grounds by Ryan v. Gonzales, 568 U.S. 57 (2013). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). Further, every court has the power "to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citing Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1077 (3d Cir. 1983)). The decision whether to stay a civil action is left to the sound discretion of the district court. Rohan, 334 F.3d at 817.

The parties put forth two different sets of standards for determining the propriety of a stay. Plaintiff contends this court is required to apply the stay standards set out by the Supreme Court in Hilton v. Braunskill, 481 U.S. 770 (1987) and Nken v. Holder, 556 U.S. 418 (2009). Those standards are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.' " Id. at 434 (quoting).

Nken, 556 U.S. at 433–34 (quoting Hilton, 481 U.S. at 776).

Defendants, on the other hand, argue that the standards described by the Supreme Court in Landis are applicable here. In Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005), the Ninth Circuit noted that a district court "has discretionary power to stay proceedings in its own court under *Landis*." The court then described those standards:

> "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of

8

> the simplifying or complicating of issues, proof, and questions of law
> which could be expected to result from a stay."

Lockyer, 398 F.3d at 1110 (quoting CMAX Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)).

Determining which standards apply is important because they have significant distinctions. Under Hilton/Nken, defendants must show both a strong likelihood of success on the merits of the appeal and irreparable injury if a stay is not issued. The Landis standards do not require these two showings.

Plaintiff has little support for his argument that the Hilton/Nken standards should apply. The few courts that have applied those standards when considering a stay pending an interlocutory appeal did so without any discussion of the Landis standards. See In re World Trade Ctr. Disaster Site Lit., 503 F.3d 167, 170 (2nd Cir. 2007); Castaneda, 2008 WL 9449576, at *2; Davila v. County of San Joaquin, No. CIV S-06-2691 LKK/EFB, 2008 WL 4426669 (E.D. Cal. Sept. 26, 2008).

A judge in the Northern District of California recently considered the issue raised here – whether the Hilton/Nken or Landis stay standards should apply to a request for a stay pending an interlocutory appeal. Kuang v. U.S. Dep't of Defense, No. 18-cv-3698-JST, 2019 WL 1597495 (N.D. Cal. Apr. 15, 2019). In Kuang, the district court considered a request for a stay pending an appeal of its grant of a preliminary injunction. The Kuang court reviewed the authority applying the Hilton/Nken test and applying the Landis test in this situation. Id. at *2-3 The court found that courts applying the Hilton/Nken test had not discussed the Landis test "or offered a reasoned analysis as to why the *Nken* test applied." On the other hand, the Kuang court found that district courts that have directly confronted the question have "overwhelmingly concluded that the *Landis* test or something similar governs." Id. at *3 (collecting cases).

The Kuang court then went on to examine the reasons why it makes sense to apply the Landis test to a stay of ongoing proceedings and the Hilton/Nken test to a stay of a final judgment. The purpose of a stay under Landis is to permit the court to "'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Id. at *3 (quoting 23andMe, Inc. v. Ancestry.com DNA, LLC, No. 18-CV-02791-EMC, 2018 WL

5793473, at *3 (N.D. Cal. Nov. 2, 2018)). The Kuang court noted that "[t]hese same concerns exist where, as here, a court 'considers whether it should proceed forward on discovery ... and pre-trial litigation in [an] action in light of the potential that the appellate court will determine that a large portion of the action should be dismissed, rendering much of the work to be completed meaningless.'" Id. (quoting Finder v. Leprino Foods Co., No. 1:13-cv-2059 AWI BAM, 2017 WL 1355104, at *2 (E.D. Cal. Jan. 20, 2017)[2]).

The purpose of a stay under Hilton/Nken, by contrast, is not whether going forward with the litigation "will be inefficient for the parties and the court" but rather whether "equity demands that the court 'preserve the pre-judicial-relief status quo pending the appellate court's determination of the correctness of that relief.'" 2019 WL 1597495, at *3 (citing Finder, 2017 WL 1344104, at *2.) In Hilton, the government sought a stay of a district court's judgment granting habeas relief. In Nken, the applicant sought a stay of a district court's order requiring his deportation.

This court finds the reasoning in Kuang and Finder compelling. The question here is one of efficiency. While the court should certainly consider issues of fairness and prejudice as well, the point of a stay is avoiding potentially unnecessary work by all those involved. And, use of the Landis standard is, in this case, even more appropriate than its use in Kuang and Finder. In those cases, interlocutory appeals on specific issues were pending. Those cases did not involve interlocutory appeals on immunity issues. Therefore, the courts in Kuang and Finder could have reasonably decided to proceed with discovery on other issues that were not the subject of the appeal. In the present case, this court has been divested of jurisdiction to consider the issues regarding qualified immunity and, should defendants prevail on appeal, plaintiff's entire action would be dismissed.

////

---

[2] In Finder, the district court certified a question for appeal regarding the construction of terms in the California Labor Code. See 2017 WL 1355104, at *1. The district court noted that resolution of that legal question would "dramatically simplify the questions of law and potentially the questions of proof now pending before the court." Id. at *4. Therefore, applying the Landis standards, the court found a stay appropriate. Id. at *3-4.

10

For these reasons, this court will consider defendants' request for a stay under the Landis factors described by the Ninth Circuit in Lockyer: (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer [if the case is allowed] to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer, 398 F.3d at 1110. Thus, this court need not, as plaintiff strenuously argues, consider the likelihood that defendants will succeed on the merits of their appeal or whether they will be irreparably harmed if these proceedings are not stayed.

**B. Analysis**

**1. Potential Damage Resulting from a Stay**

Plaintiff argues he will be prejudiced by a stay of "several years" because memories will fade. Plaintiff does not identify whose memory he is concerned about, just what issues in his case will hinge on memories, or why he feels it may be several years before the Ninth Circuit renders a decision. This court does accept, however, that it is not possible to know how long it may be before the interlocutory appeal is concluded.

Plaintiff cites a number of cases warning of the harms significant delays in litigation may create. Few are relevant to the present case. In several cases, courts denied stays because the plaintiffs sought redress other than damages that would be prejudiced by a stay. See Yong v. I.N.S., 208 F.3d 1116, 1120 (9th Cir. 2000) (indefinite stay of habeas proceeding inappropriate because "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy"); I.K. ex rel. E.K. v. Sylvan Union School Dist., 681 F. Supp. 2d 1179 (E.D. Cal. 2010) (stay of federal proceedings for resolution of state tort proceedings inappropriate in part because plaintiff sought funds to remediate the educational deficits he suffered and delay would impair his academic advancement). These cases are inapplicable to the present case because, in plaintiff's remaining claims, he seeks only damages.

In other cases, plaintiff simply cites general language about potential harm from indefinite stays. Those cases do not directly address the issue here. See Blue Cross and Blue Shield of Ala.

v. Unity Outpatient Surgery Ctr., Inc., 490 F.3d 718 (9th Cir. 2007) (court expresses concern about potential length of stay – "easily" as long as five or six years – but, because the district court failed to provide a reasoned decision for the stay, vacates and remands for a reasoned decision); United States v. Aerojet Rocketdyne Holdings, Inc., 381 F. Supp. 3d 1240, 1250 (E.D. Cal. 2019) (arbitrable claims should be stayed under Federal Arbitration Act, but court would proceed on separable non-arbitrable claims to avoid significant delay); Greer v. Dick's Sporting Goods, Inc., No. 2:15-cv-1063 KJM CKD, 2018 WL 372753 (E.D. Cal. Jan. 10, 2018) district court applies Landis standard to determine that parties should be able to proceed on claims unrelated to the subject of the appeal).

In the present case, plaintiff fails to show the delay involved in the appeal will likely be lengthy. In addition, he fails to show just what prejudice he may suffer from a delay. Parties successfully arguing that delay will be prejudicial due to fading memories have provided greater specificity regarding the potential for prejudice. See Greer, 2018 WL 372753, at *3 (plaintiff class members unlikely to be able to remember with specificity the length of time they were subjected to security checks, an important issue in the case). This court finds that plaintiff has failed to demonstrate he will face significant hardship if this case is stayed pending the resolution of the interlocutory appeal.

### 2. Hardship to Moving Party

Defendants argue that discovery in this case has been, and will be, burdensome and time consuming. As described above, these issues are just the sort of hardships for which the Landis analysis applies. The court finds this factor weighs in favor of a stay.

### 3. Orderly Course of Justice

This third and final factor also weighs in favor of granting a stay. If the Ninth Circuit rules that defendants are protected by qualified immunity, this case will be dismissed. In that event, if this case is not stayed, both parties will have spent time and resources unnecessarily. In addition, the court's limited resources may have been spent on issues that need not have been resolved. This court finds the equities weigh in favor of granting a stay.

////

### C. Conclusion

This court finds a stay of these proceedings appropriate on two bases. First, because defendants' qualified immunity defense applies to all plaintiff's remaining claims, the court lacks jurisdiction to conduct proceedings on those claims during the interlocutory appeal of the immunity issues. Second, even if this court retains jurisdiction over plaintiff's claims, a stay is appropriate under Landis.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to stay these proceedings until the Ninth Circuit renders a decision on defendants' interlocutory appeal (ECF No. 112) be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 29, 2019

DLB:9
DLB1/prisoner-civil rights/rico1402.stay fr2

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE